**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2094**

HANNA DESTAW,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 24, 2010        Decided:  April 2, 2010

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Hanna Destaw, Petitioner Pro Se.  Daniel Eric Goldman, Senior Litigation Counsel, Eric Warren Marsteller, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hanna Destaw, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Destaw first argues that she established extraordinary circumstances to excuse her failure to file her asylum application within one year of her arrival in the United States. We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2006), and find that Destaw has failed to raise a constitutional claim or question of law that would fall under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2006). See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009), cert. denied, 130 S. Ct. 1040 (2010). Given this jurisdictional bar, we cannot review the underlying merits of Destaw's asylum claim. Accordingly, we dismiss this portion of her petition for review.

Destaw also contends that the Board and the immigration judge erred in denying her request for withholding of removal. "Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership

2

in a particular social group, or political opinion." Gomis, 571 F.3d at 359; see 8 U.S.C. § 1231(b)(3) (2009). Based on our review of the record, we find that substantial evidence supports the denial of Destaw's request for withholding of removal.[*]

Accordingly, we dismiss the petition for review in part and deny the petition for review in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART

---

[*] Destaw has failed to raise any challenges to the denial of her request for protection under the Convention Against Torture. She has therefore waived appellate review of this claim. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).